**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq., Cal. Bar No. 260264
kelsey@kingsleykingsley.com
ARI J. STILLER, Esq., Cal. Bar No. 294676
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

**DAVTYAN PROFESSIONAL LAW CORPORATION**
EMIL DAVTYAN, Esq., Cal. Bar No. 299363
emil@davtyanlaw.com
21900 Burbank Blvd, 3rd Floor
Woodland Hills, California 91306
Telephone: (818) 992-2935
Fax: (818) 975-5525

Attorneys for Plaintiff and all Proposed Class Members

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MASTON, an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>BLUESTAR REFRESHMENT SERVICES,<br><br>DEFENDANTS. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>1.  Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures, 15 U.S.C. § 1681b, et seq.;<br>2.  Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization, 15 U.S.C. § 1681b, et seq.;<br>3.  Failure to Pay Wages and/or Overtime Under Labor Code §§ 510, 1194, and 1199<br>4.  Penalties Pursuant to Labor Code § 203<br>5.  Violation of Business & Professions Code § 17200<br><br>DEMAND FOR JURY TRIAL |

Plaintiff CHRISTOPHER MASTON, an individual, on behalf of himself, all others similarly situated, complains of Defendant BLUESTAR REFRESHMENT SERVICES ("Defendant") and each of them, as follows:

## I.

## INTRODUCTION

1.     This is a class action for violation of federal and state laws by applicants and current and former employees against Defendant for statutory damages, punitive damages, wages, penalties, equitable relief, injunctive relief, and attorneys' fees and costs.

2.     Defendant is a California corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

3.     Defendant is a high-end office refreshment service provider that provides coffee and snack services for corporate kitchens and corporate events.

4.     In April of 2014, Plaintiff sought employment with Defendant.  During the application process, Plaintiff executed a background check disclosure and authorization form permitting Defendant to obtain a consumer report and conduct a background check on him.

5.     After the application process, Plaintiff began work with Defendant and continued his employment until August 2017.

6.     Plaintiff now brings this class action on behalf of himself and the following two Proposed Classes defined as:

> (1) All persons in the United States who executed BLUESTAR REFRESHMENT SERVICES's Consumer Background Search Authorization and Liability Release form that included a liability release clause at any time from five (5) years prior to the filing of this action and continuing to the present. ("Proposed FCRA Class")

> (2) All persons who are employed or have been employed by BLUESTAR REFRESHMENT SERVICES in the State of California as hourly employees who received other compensation or PSP and worked overtime in the same pay period since four (4) years prior to the filing of this action and continuing to the present. ("Proposed California Class")

## II.

### JURISDICTION AND VENUE

7.      The Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681 of the FCRA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

8.      Venue is proper in this district pursuant to 28 U.S.C. §1391(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## III.

### THE PARTIES

A.  PLAINTIFF

9.      Plaintiff is a resident of California.  He performed work for Defendant in and around the counties of Alameda and Santa Clara, California.

10.      Plaintiff worked for Defendant from April 2014 to August 2017 as a driver and hourly worker.

B.  DEFENDANT

11.      Defendant is a California Corporation that maintains its executive office in Fremont., California and at all times relevant herein conducted and continues to conduct business throughout the State of California.

12.      Defendant issues, and during the relevant period issued, payroll checks to Plaintiffs and all other persons similarly situated.

13.      With respect to the events at issue in this case, Defendant acted as the employer of Plaintiff and all other persons similarly situated.  As the employer, Defendant is liable for the violations of law described in this Complaint.

14.      Plaintiff is ignorant of the true name, capacity, relationship and extent of participation in the conduct herein alleged of the Defendant sued herein as DOES 1 through 10, but  are informed and believe and thereon allege that said Defendant are legally responsible for the wrongful conduct alleged herein and therefore sue these Defendant by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

3

15. Plaintiff is informed and believes and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally attributable to the other Defendant.

## IV.

## NATURE OF THE ACTION

16. The Fair Credit Reporting Act 15 U.S.C. §1681, et seq. ("FCRA") provides individuals with a number of rights specifically pertaining to employment-related background checks. The FCRA requires a prospective employer to obtain valid written consent to a background check from an applicant in the form of a standalone signed authorization and disclosure often referred to as a "consent" form. The prospective employer must secure the signed authorization and disclosure from any applicant prior to requesting and/or conducting a background check.

17. Section 604(b)(2) of the FCRA specifically provides:

"…a person may not procure a consumer report…for employment purposes with respect to any consumer, unless—

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured…in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing…the procurement of the report by that person."

15 U.S.C. §1681b(b)(2)(A)(i)-(ii).

18. From at least five (5) years prior to the filing of this action continuing to the present, Defendant has had a consistent policy of requiring Plaintiff and all members of the Proposed FCRA Class to execute a Background Search Authorization and Liability Release form ("authorization and disclosure form") permitting Defendant to obtain a consumer report and conduct a background check.

19. Here, in direct violation of 15 U.S.C. §1681b(b)(2)(A)(i)-(ii), Defendant included

CLASS ACTION COMPLAINT

a liability waiver in the authorization and disclosure form.  Defendant's conduct is contrary to the plain language of the statute.  As such, Defendant has thus obtained consumer reports from Plaintiff and all Proposed Class Members without proper authorization because the authorization and disclosure form signed by Plaintiff failed to comply with the requirements of the FCRA.

20.     Although the disclosure required by clause (i) and the authorization required by clause (ii) of section 604(b)(2) may be combined in a single document, the FTC has warned that the form should not include any extraneous information.

21.     This requirement is meant to prevent the consumer from being distracted by other information side-by-side with this very important disclosure. The disclosure shall not be diminished in importance by including unrelated information.  The disclosure must be clear and conspicuous, understandable and noticeable.

22.     Further, the FTC has also specifically warned that the inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§1681b(b)(2)(A)], which requires that a disclosure consist solely of the disclosure that a consumer report may be obtained for employment purposes.

23.     By including a liability release in its authorization and disclosure form, Defendant willfully disregarded the FTC's guidance and violated 15 U.S.C. §1681b(b)(2)(A)(i)-(ii).

24.     Such prohibited conduct invalidates the purported authorization and triggers statutory damages under the FCRA in the amount of up to $1,000 per applicant, punitive damages, equitable relief, and attorneys' fees and costs.

25.     From at least four (4) years prior to the filing of this action continuing to the present, Defendant has had a consistent policy of failing to pay wages and/or overtime to all members of the Proposed California Class when they work more than eight hours in a day or forty hours in a week.  Plaintiff and other Proposed California Class Members were not properly compensated for overtime at the appropriate rate of pay, because when they were paid "PSP" pay that pay was not blended into their regular rate of pay for the purpose of calculating the overtime rate.

26.     As a result of this failure to pay all wages due at the appropriate rate of pay, for at

CLASS ACTION COMPLAINT

least three (3) years prior to the filing of this action continuing to the present, Defendant has failed to pay all wages due at the time of termination or resignation to Plaintiff and the Proposed California Class.

27.    Such conduct constitutes unlawful and unfair business practices within the meaning of Business and Professions Code §17200, et seq.  Plaintiff, on behalf of himself and all Proposed California Class Members, pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

**V.**

**CLASS ACTION ALLEGATIONS**

**THE FCRA CLASS**

28.    Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P.  Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent a Class composed of and defined as follows:

> "All persons in the United States who executed BLUESTAR REFRESHMENT SERVICES's Consumer Background Search Authorization and Liability Release form that included a liability release clause at any time from five (5) years prior to the filing of this action and continuing to the present. ("Proposed FCRA Class").

29.    Plaintiffs reserve the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues

30.    Defendant, as a matter of corporate policy, practice, and procedure, in violation of 15 U.S.C. §1681, et seq., intentionally, knowingly, and willfully, engaged in a practice whereby Defendant uniformly, unfairly, and unlawfully instituted a policy of obtaining consumer reports without valid authorization to do so.

31.    Defendant uniformly violated the rights of the Proposed FCRA Class by violating the FCRA 15 U.S.C. §1681b(b)(2)(A)(i)-(ii) by unlawfully obtaining consumer reports without first obtaining valid signed authorization and disclosure forms.

32.    This class action on behalf of members of the Proposed FCRA Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

A. Numerosity

33.    The Proposed FCRA Class is so numerous that joinder of all class members is impracticable. While the precise number of members of the Proposed FCRA Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered well over 1,000.

34.    Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed FCRA Class.

B. Commonality

35.    There are questions of law and fact common to the Proposed FCRA Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

    a.    Whether Defendant required members of the Proposed FCRA Class to sign a Consumer Background Search Authorization and Liability Release;

    b.    Whether Defendant's Consumer Background Search Authorization and Liability Release complies with 15 U.S.C. §1681, et seq.;

    c.    Whether Defendant violated 15 U.S.C. §1681, et seq. by including a liability release in its background check and disclosure authorization form;

    d.    Whether Defendant violated 15 U.S.C. §1681, et seq. by procuring consumer reports without valid authorization; and

    e.    Whether Defendant's violations of 15 U.S.C. §1681, et seq. were willful.

C. Typicality

36.    The claims of the named Plaintiff are typical of the claims of the members of the Proposed FCRA Class.

37.    Plaintiff is a member of the Proposed FCRA Class. Plaintiff was an applicant and filled out Defendant's Consumer Background Search Authorization and Liability Release form

1  during his application process.  Plaintiff was subjected to the same unlawful practices as other

2  members of the Proposed FCRA Class. Plaintiff and other members of the Proposed FCRA Class

3  suffered the same injuries and seek the same relief.

4      D.  Adequacy of Representation

5      38.    Plaintiff will fairly and adequately represent and protect the interests of the

6  members of the Proposed FCRA Class.

7      39.    Counsel for Plaintiff are competent and experience in litigation large complex

8  consumer and wage and hour class actions.

9      E.  Predominance and Superiority of a Class Action

10     40.    A class action is superior to other available means for fair and efficient

11  adjudication of this controversy.  Individual joinder of all members of the Proposed FCRA Class

12  is not practicable, and questions of law and fact common to the Class predominate over any

13  questions affecting only individual members of the Proposed FCRA Class.

14     41.    Class action treatment will allow those similarly situated persons to litigate their

15  claims in the manner that is most efficient and economical for the parties and the judicial system.

16  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

17  action that would preclude its maintenance as a class action.

18     42.    Class action treatment will allow a large number of similarly situated agricultural

19  employees to prosecute their common claims in a single forum, simultaneously, efficiently, and

20  without the unnecessary duplication of effort and expense that numerous individual actions

21  would require. Further, the monetary amounts due to many individual class members are likely

22  to be relatively small, and the burden and expense of individual litigation would make it difficult

23  or impossible for individual members of the members of the Proposed FCRA Class to seek and

24  obtain relief. Moreover, a class action will serve an important public interest by permitting

25  employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums

26  owed to them.

27  ///

28

**THE CALIFORNIA CLASS**

43.    Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.  Plaintiff seeks to represent a proposed class composed of and defined as follows:

> "All persons who are employed or have been employed by BLUESTAR
> REFRESHMENT SERVICES in the State of California as hourly employees who
> received other compensation or PSP and worked overtime in the same pay period since
> four (4) years prior to the filing of this action and continuing to the present.  ("Proposed
> California Class").

44.    Plaintiff reserves the right under Rule 3.765(b) of the California Rules of Court to amend or modify the class description with greater specificity, by division into subclasses, or by limitation to particular issues.

45.    This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the Proposed Classes are easily ascertainable

A.  Numerosity

46.    The potential members of the Proposed California Class as defined are so numerous that joinder of all the members of the Proposed Class is impracticable.  While the precise number of proposed Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant currently employ, and during the relevant time periods employed 50 to 99 members of the Proposed California Class at any given time.

47.    Plaintiff alleges that Defendant's employment records will provide information as to the number of all members of the Proposed California Class.

B.  Commonality

48.    There are questions of law and fact common to the Proposed California Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

a.  Whether Defendant failed to pay wages and/or overtime compensation as required by the Labor Code and Wage Orders under Labor Code §§ 510, 1194, 1194.2, and 1199;

b.  Whether Defendant violated §§ 201-203 of the Labor Code by failing to pay compensation due and owing at the time that any Proposed Class Member's employment with Defendant terminated

c.  Whether Defendant violated § 17200, *et seq*. of the Business & Professions Code by engaging in the acts previously alleged; and

d.  Whether Plaintiff and the members of the Proposed Class are entitled to equitable relief pursuant to Business & Professions Code § 17200, *et seq.*

C.  Typicality

49.    The claims of the named Plaintiff are typical of the claims of the members of the Proposed California Class.

50.    Plaintiff is a member of the Proposed California Class.  Plaintiff was an employee of Defendant's from April 2014 to August 2017 and, during that time, worked pay periods where he received overtime pay and PSP pay.  Plaintiff and other members of the Proposed California Class suffered the same injuries and seek the same relief.

D.  Adequacy of Representation

51.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed California Class.

52.    Counsel for Plaintiff are competent and experience in litigation large complex consumer and wage and hour class actions.

E.  Predominance and Superiority of a Class Action

53.    A class action is superior to other available means for fair and efficient adjudication of this controversy.  Individual joinder of all members of the Proposed California Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Proposed California Class.

54.    Class action treatment will allow those similarly situated persons to litigate their

1  claims in the manner that is most efficient and economical for the parties and the judicial system.

2  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

3  action that would preclude its maintenance as a class action.

4       55.    Class action treatment will allow a large number of similarly situated agricultural

5  employees to prosecute their common claims in a single forum, simultaneously, efficiently, and

6  without the unnecessary duplication of effort and expense that numerous individual actions

7  would require. Further, the monetary amounts due to many individual class members are likely

8  to be relatively small, and the burden and expense of individual litigation would make it difficult

9  or impossible for individual members of the members of the Proposed California Class to seek

10  and obtain relief. Moreover, a class action will serve an important public interest by permitting

11  employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums

12  owed to them.

**VI.**

**FIRST CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. §1681b(B)(2)(A)(i)**

(By Plaintiff and the Proposed FCRA Class and against all Defendants)

18       56.    Plaintiff, on behalf of himself and the Proposed FCRA Class, realleges and

19  incorporates by reference all previous paragraphs.

20       57.    15 U.S.C. §1681b(b)(2)(A)(i) provides in relevant part: "a person may not procure

21  a consumer report, or cause a consumer report to be procured, for employment purposes with

22  respect to any consumer, unless a clear and conspicuous disclosure has been made in writing to

23  the consumer at any time before the report is procured or caused to be procured, in a document

24  that consists solely of the disclosure, that a consumer report may be obtained for employment

25  purposes…" (internal citations omitted.)

26       58.    Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) by including a liability release

27  in its Consumer Background Search Authorization and Liability Release form that Plaintiff and

28  all other Proposed FCRA Class members were required to complete.

59.    Defendant's violations of 15 U.S.C. §1681b(b)(2)(A)(i) were willful.  Defendant knew its Consumer Background Search Authorization and Liability Release form should consist solely of the disclosure and should not include any other information that is prohibited by the FCRA.  Defendant acted in deliberate disregard of its obligations and the rights of Plaintiff and all other Proposed FCRA Class members under 15 U.S.C. §1681b(b)(2)(A)(i).

60.    Plaintiff and all other Proposed FCRA Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every violation of the FCRA by Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A).

61.    Plaintiff and all other Proposed FCRA Class members are entitled to punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

62.    Plaintiff and all other Proposed FCRA Class members are entitled to recover their costs of suit and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3).

## VII.

## SECOND CAUSE OF ACTION

## FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. §1681b(B)(2)(A)(ii)

(By Plaintiff and the Proposed FCRA Class and against all Defendants)

63.    Plaintiff, on behalf of himself and the Proposed FCRA Class, realleges and incorporates by reference all previous paragraphs.

64.    15 U.S.C. §1681b(b)(2)(A)(ii) provides, in relevant part, that a consumer must authorize in writing the procurement of a consumer report for employment purposes.

65.    Defendant violated 15 U.S.C. §1681b(b)(2)(A)(ii) by procuring consumer reports relating to Plaintiff and all other Proposed FCRA Class members without proper written authorization.

66.    Defendant's violations of 15 U.S.C. §1681b(b)(2)(A)(ii) were willful.  Defendant knew its Consumer Background Search Authorization and Liability Release form should consist solely of the disclosure and should not include any other information that is prohibited by the FCRA.  Nonetheless, Defendant included such information its Consumer Background Search

Authorization and Liability Release form thereby resulting in a failure to obtain proper written authorization.    Defendant acted in deliberate disregard of its obligations and the rights of Plaintiff and all other Proposed FCRA Class members under 15 U.S.C. §1681b(b)(2)(A)(ii).

67.    Plaintiff and all other Proposed FCRA Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every violation of the FCRA by Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A).

68.    Plaintiff and all other Proposed FCRA Class members are entitled to punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

## VIII.

### THIRD CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES AT THE APPROPRIATE RATE IN VIOLATION OF LABOR CODE §§510, 1194 and 1199**

**(By Plaintiff and the Proposed California Class and against all Defendants)**

69.    Plaintiff, on behalf of himself and the Proposed California Class, realleges and incorporates by reference all previous paragraphs.

70.    Labor Code §§510, 1194 and 1199 require an employer to compensate its employees at the rate of no less than one and one-half times the regular rate of pay for any work in excess of eight hours in one workday· and any work in excess of 40 hours in any one workweek.    California law also requires that any compensation, including any type of bonus/commission/incentive pay be included in the regular rate of pay.

71.    Plaintiff and the Proposed California Class were forced to work on a regular and consistent basis without receiving compensation for all hours worked at the proper rate. Specifically, Plaintiff and the Proposed California Class were not paid at the proper overtime rate when they were working more than eight (8) hours in one day or forty (40) hours in one week because Defendant failed to include "PSP" pay into the regular rate of pay when calculating overtime.

72.    By their policy of requiring Plaintiff and members of the Proposed California Class to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek

without compensating them at the rate of one-half (1 1/2) their regular rate of pay, Defendant willfully violated the provisions of Labor Code §§ 510, 1194 and 1199.

73.     As a result of the unlawful acts of Defendant, Plaintiff and the Proposed California Class Members have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

## IX.

## FOURTH CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE § 203

**(By Plaintiff and the Proposed California Class and against all Defendants)**

74.     Plaintiff, on behalf of himself and the Proposed California Class, realleges and incorporates by reference all previous paragraphs.

75.     Numerous members of the Proposed Class including the Plaintiff are no longer employed by Defendant.  They were either fired or quit Defendant's employ.

76.     Defendant's failure to pay wages, as alleged above, was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiff and the Proposed Class to penalties under Labor Code §203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

77.     Defendant has failed to pay Plaintiff and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter.  Pursuant to the provisions of Labor Code § 203, Plaintiff and the Proposed Class are entitled to a penalty in the amount of Plaintiff's and the Proposed Class Members' daily wage multiplied by thirty (30) days.

## X.

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE § 17200

### (By Plaintiff and the Proposed California Class and against all Defendants)

78.     Plaintiff, on behalf of himself and the Proposed California Class, realleges and

incorporates by reference all previous paragraphs.

79.    This is a Class Action for Unfair Business Practices. Plaintiff, on behalf of himself, on behalf of the general public, and on behalf of the Proposed Class, bring this claim pursuant to Business & Professions Code § 17200, *et seq*.  The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the Proposed Class.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

80.    Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

81.    Business & Profession Code § 17200, *et seq*. prohibits unlawful and unfair business practices.

82.    California's wage and hour laws express fundamental public policies.  Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States.  Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

83.    Defendant has violated statutes and public policies as alleged herein.  Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, *et seq*., depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

84.    Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200, *et seq*. of the Business & Professions Code.

85.    Defendant, by engaging in the conduct herein alleged, either knew or in the

exercise of reasonable care, should have known that the conduct was unlawful. As such it is a violation of § 17200, *et seq*. of the Business & Professions Code.

86.    As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

87.    Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiff and members of the proposed Class the money Defendant has unlawfully failed to pay.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for judgment and the following relief against each Defendant, jointly and severally, as follows:

1.    For a determination that Defendant willfully violated 15 U.S.C. §1681b(b)(2)(A)(i);

2.    For a determination that Defendant willfully violated 15 U.S.C. §1681b(b)(2)(A)(ii);

3.    For statutory damages in an amount equal to $1,000 for Plaintiff and each Proposed FCRA Class member for Defendant's willful violation of the FCRA;

4.    For punitive damages;

5.    For compensatory damages in the amount of unpaid wages and/or overtime not paid to Plaintiff and each Proposed Class Member from at least four (4) years prior to the filing of this action to the present as may be proven;

6.    For penalties pursuant to Labor Code § 203 for all employees who were terminated or resigned equal to their daily wage times thirty (30) days;

7.    An award of prejudgment and post judgment interest;

8.    An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing Plaintiff with proper wages and/or overtime and wages upon termination/resignation pursuant to Labor Code §§ 201, 202, 203, 510, 512,1194, and 1199;

9.    For restitution for unfair competition pursuant to Business & Professions Code § 17200, *et seq.*, including disgorgement or profits, in an amount as may be proven;

10.    An award providing for payment of costs of suit;

11.    An award of attorneys' fees; and

12.    Such other and further relief as this Court may deem proper and just.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: October 19, 2017        KINGSLEY & KINGSLEY, APC

By: _____
Eric B. Kingsley
Kelsey M. Szamet
Attorneys for Plaintiff CHRISTOPHER MASTON
and all Proposed Class members