UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MASTON,<br><br>Plaintiff,<br><br>v.<br><br>BLUESTAR REFRESHMENT SERVICES,<br><br>Defendant. | Case No. 17-cv-06000-JCS<br><br>**ORDER REGARDING RECENT DECISION ADDRESSING STANDING FOR CLASS SETTLEMENT** |

At the hearing on Plaintiff Christopher Maston's motion for preliminary approval of class settlement, the Court instructed the parties that any question of Maston's Article III standing must be resolved before approval would be granted. To the extent that there might have been any doubt as to that requirement at the time of the hearing, the Supreme Court has now conclusively addressed the issue:

> "We have an obligation to assure ourselves of litigants' standing under Article III." *DaimlerChrysler Corp. v. Cuno*, 547 U. S. 332, 340 (2006) (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U. S. 167, 180 (2000); internal quotation marks omitted). That obligation extends to court approval of proposed class action settlements. In ordinary non-class litigation, parties are free to settle their disputes on their own terms, and plaintiffs may voluntarily dismiss their claims without a court order. Fed. Rule Civ. Proc. 41(a)(1)(A). By contrast, in a class action, the "claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. Rule Civ. Proc. 23(e). A court is powerless to approve a proposed class settlement if it lacks jurisdiction over the dispute, and federal courts lack jurisdiction if no named plaintiff has standing. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U. S. 26, 40, n. 20 (1976).

*Frank v. Gaos*, 586 U.S. \_\_, No. 17-961 (Mar. 20, 2019) (per curiam) (remanding for the lower courts to address unresolved issues of the named plaintiffs' Article III standing in light of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)).

The parties are therefore reminded that any supplemental submissions in support of Maston's motion for preliminary approval must show that Maston has Article III standing to bring his claims. Moreover, if the parties are able to show affirmatively that Maston has standing, the parties must address whether the previously-proposed settlement value—which, according to the motion, reflected a significant discount to account for the unresolved issue of standing—remains a "fair, reasonable, and adequate" settlement of the claims. *See* Fed. R. Civ. P. 23(e)(2).

This order, issued in light of the recent decision by the Supreme Court and focused narrowly on the standing issue addressed therein, is not intended as a complete restatement of all issues identified at the previous hearing for the parties to address.

**IT IS SO ORDERED.**

Dated: March 20, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge